IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Hannah Chung, MD** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No.: 4:25-cv-03015 |
| | § | |
| **The University of Texas MD Anderson Cancer Center, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

The parties by and through their undersigned counsel file this their Proposed Discovery / Case Management Plan, and respectfully show the Court as follows:

**1.     State where and when the conference among the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

August 15, 2025, via telephone. Nitin Sud on behalf Plaintiff and David Kallus on behalf of Defendants.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Briefly describe what this case is about.**

**PLAINTIFF:**

Plaintiff, Dr. Hannah Chung ("Dr. Chung"), worked as a radiologist and assistant professor for Defendant The University of Texas MD Anderson Cancer Center ("MD Anderson") (a governmental entity), focusing most of her work on research and academics in the field of breast cancer. She was employed by MD Anderson from 2018 to 2023.

There are several disputes as to events that occurred during early 2022 to mid-2023, stemming from decisions made by the Chair of the department that adversely affected Dr.

Chung. In February 2023, MD Anderson informed Dr. Chung that her contract would not be renewed after it expired in August 2023. Based on her situation and knowing that she soon would be unemployed, Dr. Chung searched for and found a similar position at the University of Colorado Medical School. Dr. Chung's new employer needed her to begin work on June 1, 2023. Therefore, Dr. Chung notified MD Anderson on May 27, 2023 that she was leaving, which MD Anderson acknowledged the following day.

After Dr. Chung had been working at her new job in Colorado for almost a month, on June 28, 2023 MD Anderson (via Defendant Evelyn Starr-High's actions) submitted a negative and false report to the National Practitioner Data Bank (NPDB) connected to Dr. Chung's leaving MD Anderson on May 27, 2023. MD Anderson filed the NPDB report without contacting Dr. Chung to provide notice beforehand or giving her the opportunity to be heard regarding the contents of the NPDB report. MD Anderson's NPDB report was stigmatizing in Dr. Chung's field. As a direct result of this report, Dr. Chung was terminated from her job at the University of Colorado Medical School, and Dr. Chung is unable to obtain similar employment in research and academia. Dr. Chung requested a name-clearing hearing, but MD Anderson denied the request.

Based on 42 U.S.C. § 1983 and due process violations, Dr. Chung asserts the following four causes of action: a) Failure to Provide Notice and the Right to be Heard Before Filing the NPDB Report (against MD Anderson); b) Failure to Provide a Name-Clearing Hearing After Filing the NPDB Report (against MD Anderson); c) Violation of Dr. Chung's Due Process Rights of Notice and to be Heard (against Evelyn Starr-High); and d) Failure to Provide a Name-Clearing Hearing After Filing the NPDB Report (against Evelyn Starr-High). Dr. Chung seeks injunctive relief against MD Anderson to retract the NPDB report that continues to prevent her from working in her chosen field and monetary relief against Evelyn Starr-High. She also seeks recovery of attorney's fees and costs from both defendants.

**DEFENDANTS:**

Plaintiff is a radiologist. She had an academic position at UT MD Anderson Cancer Center ("UT MDACC") beginning in 2018 and was also a clinician providing patient care. She worked in the Breast Imaging Department.

In approximately September 2022, due to ongoing concerns over the quality of care that she was providing to patients, Dr. Chung was placed on a Focused Professional Practice Evaluation ("FPPE").

In approximately February 2023, the Chair of the Breast Imaging Department notified Dr. Chung that she intended to recommend non-renewal of Dr. Chung's clinical faculty appointment.

By letter dated March 15, 2023, the Chair of the Executive Committee of the Medical Staff ("ECMS") notified Dr. Chung that the ECMS had approved the continuation of her FPPE

with the additional requirement that certain interventional procedures be performed under direct supervision. This additional requirement was recommended by the Credential Committee of the Medical Staff ("CCMS") following a review of the progress of her current FPPE in which several concerns were noted including poor ratings and a safety event involving a wrong site localization. In the same March 15, 2023, letter the Chair of the ECMS notified Dr. Chung that an ad hoc committee had been appointed to initiate and oversee an assessment of her health status.

In or about early April 2023, Dr. Chung took a medical leave of absence.

On or about May 27, 2023, Dr. Chung gave her letter of resignation to UT MDACC.

On or about June 1, 2023, Dr. Chung began a new job with the University of Colorado Medical School.

On or about June 28, 2023, UT MDACC filed a mandatory report with the National Practitioners Data Bank ("NPDB") concerning Dr. Chung by and through Evelyn Starr-High, its Director of Medical Staff and Credentialing Services.

On June 27, 2025, Dr. Chung sued UT MDACC and Evelyn Starr-High in her official capacity alleging that the NPDB Report was false and that because of it she lost her job at the University of Colorado Medical School.

Dr. Chung alleges two causes of action against UT MDACC and two causes of action against Evelyn Starr-High in her official capacity. All causes of action are based on 42 U.S.C. § 1983. Specifically, Dr. Chung alleges that UT MDACC and Evelyn Starr-High deprived her of liberty interests without due process of law in violation of the Fourteenth Amendment to the United States Constitution in connection with the NPDB Report. Dr. Chung alleges that UT MDACC failed to: (1) provide her notice and the right to be heard before filing the NPDB Report (Doc. 7, p. 30, ¶¶ 264 - 274), and (2) provide her a name-clearing hearing after filing the NPDB Report (Doc. 7, p. 31, ¶¶ 275 – 314). Against Evelyn Starr-High, she complains of: (1) "Evelyn Starr-High's Violation of [her] . . . Due Process Rights of Notice and to be Heard" (Doc. 7, p. 37, ¶¶ 315 - 367), and (2) "Evelyn Starr-High's Failure to Provide Dr. Chung a Name-Clearing Hearing After Filing the NPDB Report." (Doc. 7, p. 44, ¶¶ 368 – 427).

Dr. Chung seeks only injunctive relief against UT MDACC. In Section VII of her First Amended Complaint, she describes the injunctive relief she seeks as a court order that UT MDACC: (a) cease and desist from continuing to permit the publication of its NPDB Report; (b) retract the NPDB Report in its entirety; and (c) in the alternative, be compelled to grant Dr. Chung a public name-clearing hearing. (Doc. 7, p. 51, ¶¶ 428 – 430).

Dr. Chung seeks only monetary relief against Evelyn Starr-High, acting in her official capacity. In Section VIII of her First Amended Complaint, she describes that monetary relief as "monetary damages for: (a) Dr. Chung's loss of her position at the University of Colorado Medical School; (b) her loss of opportunities for employment at other institutions

that hire employees to perform research in the area of breast cancer; and (c) damage to her career and her professional reputation within the medical community." (Doc. 7, p. 52, ¶¶ 431 – 433)

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff's contention:

   This Court has jurisdiction under 28 U.S.C. § 1331 based on Dr. Chung's alleged causes of action under 42 U.S.C. § 1983.

5. **Identify the parties who disagree and the reasons.**

   Defendants' contention:

   Sovereign immunity deprives a federal district court of subject-matter jurisdiction. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996). Defendants contend that sovereign immunity deprives the Court of subject-matter jurisdiction in this case.

6. **List the anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At this time, none are anticipated. However, Dr. Chung will require initial discovery to confirm if any additional parties may be need to be added. Assuming initial written discovery will commence shortly after Defendants' answer due date, a deadline of December 12, 2025 may be sufficient.

7. **List anticipated interventions.**

None.

8. **Describe class-action or collective-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Not at this time. The parties have agreed to provide initial disclosures by September 26, 2025.

**10.   Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

Other than submitting initial disclosures by September 26, 2025, the parties do not anticipate any other changes as to the timing, amount, or form of discovery. The parties will conduct discovery on the claims and defenses in the case, and they do not need to conduct discovery in phases. The parties will serve initial written discovery requests (interrogatories, requests for production, and/or requests for admission) before scheduling depositions; however, they reserve the right to conduct additional written discovery as needed throughout the entire discovery time-period, including after depositions.

The parties anticipate submitting a proposed protective order for the Court to sign at or before the August 29, 2026 initial conference.

To the extent that electronic information is relevant, available, or becomes necessary, the parties agree that any such production of documents may be in hard copy, PDF, word format, or tiff images. If a party determines that production in a format other than hard copy, PDF, word format, or tiff images is reasonably necessary then the parties agree to confer in good faith to address requests for production in an agreeable, alternative format. The parties understand and agree that all electronically stored information must be preserved, as metadata may need to be obtained. The parties retain the right to request electronically stored information in their native format.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Dr. Chung anticipates sending interrogatories to Defendants after they serve initial disclosures and no later than 30 days before the discovery deadline.

**C. When and to whom the defendant anticipates it may send interrogatories.**

UT MDACC and Evelyn Starr-High anticipate sending interrogatories to Dr. Chung after she serves initial disclosures and no later than 30 days before the discovery deadline.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Dr. Chung anticipates taking the depositions of: a) Evelyn Starr-High, b) Wei Yang, c) Megan Kalambo, d) Rosalind Candelaria, e) Carin Hagberg, f) Michael Overman, and g)

any necessary FRCP 30(b)(6) deposition(s) of appropriate representative(s) relating to the claims and defenses in this case.

### E. Of whom and by when the defendant anticipates taking oral depositions.

Defendants cannot fully anticipate at this early stage all depositions that they may need to take, and do not intend by this response to limit the depositions that they will take. Subject to that qualification, Defendants anticipate taking the deposition of the Plaintiff, Dr. Chung. Defendants may decide that they need the deposition of a representative or representatives from the University of Colorado Medical School. Defendants may decide that they need the deposition of a representative from the National Practitioner's Data Bank. Defendants may decide they need the depositions of certain individuals referenced by Plaintiff in her First Amended Complaint as having taken certain actions in relation to Dr. Chung during her tenure at MD Anderson. There may well be others from whom Defendants decide they need deposition testimony. Initial discovery is required to make these determinations.

### F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Dr. Chung – February 6, 2026

Defendants – May 6, 2025

> Depending on the discovery deadline ordered by the Court, Plaintiff may object to the Defendants' expert witness deadline.

### G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Dr. Chung anticipates taking the deposition of Defendants' expert(s) prior to the discovery deadline.

### H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

UT MDACC and Evelyn Starr-High anticipate deposing the Plaintiff's experts prior to the discovery deadline.

    **I.**    **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

    N/A

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties have a dispute on the discovery deadline. Dr. Chung proposes April 3, 2026; whereas UT MDACC and Evelyn Starr-High propose September 1, 2026.

**12.**    **Specify discovery beyond initial disclosures that has been undertaken to date.**

    None.

**13.**    **State the date the planned discovery can reasonably be completed.**

    **PLAINTIFF:** April 3, 2026

    **DEFENDANT**: September 1, 2026

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties discussed the possibility of a prompt resolution; however, they need to evaluate further and will continue periodic discussions after engaging in initial discovery efforts.

**15.**    **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    A mediation may be appropriate after initial discovery efforts.

**16.**    **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

   Dr. Chung has timely made a jury demand.

18. **Specify the number of hours it will take to present the evidence in this case.**

   Approximately 18-24 hours (3-4 days) to present evidence to the jury.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None.

20. **List other pending motions.**

   None.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

   The parties anticipate filing a proposed protective order and will request that the Court sign it at or before the conference.

22. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

   Dr. Hannah Chung filed her Disclosure of Interested Parties on August 15, 2025.

   UT MDACC and Evelyn Starr-High filed their Disclosure of Interested Parties on August 13, 2025.

23. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

For Plaintiff, Dr. Hannah Chung

Nitin Sud
TX Bar No. 24051399

6750 West Loop South
Suite 920
Bellaire, Texas 77401
nsud@sudemploymentlaw.com
832-623-6420

Barbara Gardner
TX Bar No. 07651300
108 Wild Basin Rd. S #250
Austin, Texas 78746
barbara@gardneremploymentlaw.com
832-834-3210


For Defendants:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division


*/s/ David Kallus*
DAVID KALLUS
Texas Bar No. 11082400
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 230-8311 | FAX: (512) 320-0667
david.kallus@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**

| | |
|---|---|
| _/s/ Nitin Sud_ | August 15, 2025 |
| Counsel for Plaintiff | Date |
| | |
| _/s/ David Kallus (w/permission – N. Sud)_ | August 15, 2025 |
| Counsel for Defendant | Date |